UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TOMMY LEE JONES,

    Defendant,

and

STATE OF MICHIGAN DEPARTMENT
OF TREASURY,

    Garnishee.
                                          /

Case No. 17-51168

Honorable John Corbett O'Meara

## **ORDER DENYING DEFENDANT'S REQUEST FOR HEARING**

This matter came before the court on defendant Tommy Lee Jones' September 25, 2017 Request for Hearing about the Garnishment and Claim for Exemptions. The government filed a response October 10, 2017. No reply was filed, and no oral argument was heard.

Following trial by jury, Tommy Lee Jones was found guilty of one count of advertising child pornography, 18 U.S.C. §§ 2251(d)(1)(A) and (e); one count of distribution of child pornography, 18 U.S.C. §§ 2252A(a)(2) and (b)(1); and one count

of receipt of child pornography, 18 U.S.C. §§ 2251(a)(2) and 2252A(b)(1). The court sentenced Jones to 660 months in prison, followed by five years of supervised release. In addition, he was ordered to pay the $300 special assessment and to pay $10,000 in restitution to Carol Hepburn, in trust for a victim identified as "Vicky."

Jones has not made any payments toward his financial obligations. In an attempt to recover them, the government obtained a writ of garnishment for Jones' future State of Michigan income tax returns. Jones filed the instant motion for hearing, asserting that he does "not owe $10,300 or any amount." Jones br. at 2. He further contends, "I do not know this victim and who ever they are, don't know me." Id.

## **LAW AND ANALYSIS**

A judgment debtor may contest garnishment proceedings by filing a request for hearing under 28 U.S.C. § 3202(d) or an objection under 28 U.S.C. § 3205(c)(5). Both methods are subject to a 20-day time limit. 28 U.S.C. §§ 3202(d) and 3205(c)(5).

The court deems Jones' request for hearing timely; however, his objection fails to state a cognizable ground for relief. Where the underlying judgment was not by default, a judgment debtor can obtain relief from garnishment on only two bases: a valid exemption or the government's failure to comply with the statutory requirements

for the garnishment process. 28 U.S.C. § 3202(d). The judgment debtor bears the burden of proof that a basis for relief exists. 28 U.S.C. § 3205(c)(5).

Defendant Jones' objections to the writ of garnishment focus on his belief that there are no victims to his criminal wrongdoing. However, his objections do not provide a valid basis to set aside the writ. A restitution order is a final judgment, and 18 U.S.C. § 3664(o) lists only four circumstances in which a court may modify it. None applies to Jones' objections. Furthermore, tax refunds are not exempt from garnishment when the government seeks to collect restitution in a federal case. <u>United States v. Henderson</u>, 2014 WL 4209936, at 1* (E.D. Mich. Aug. 26, 2014).

## **ORDER**

It is hereby **ORDERED** that defendant Jones' September 27, 2017 Request for Hearing about the Garnishment and Claim for Exemptions is **DENIED.**

<u>s/John Corbett O'Meara</u>
United States District Judge

Date: October 25, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 25, 2017, using the ECF system and/or ordinary mail.

<u>s/William Barkholz</u>
Case Manager